1832.

LAWRENCE
v.
LAWRENCE.

LAWRENCE *vs.* LAWRENCE and others.

Where a daughter was to receive a legacy with interest from the time of the testator's death and the court had determined that the rights of a child *en ventre sa mere* stood upon the same footing, interest was given to such child from the time of such testator's dying, and not from its birth.

The court having also decreed, that the child was entitled to a sum of money (in order to put her on a par with other children) in lieu of a dwelling house which had been bequeathed by the testator to each of his other daughters, from the time of his decease : *it was held,* that the child was entitled to interest upon the money only from the time of her birth.

The particulars of this case will be found at page 241. *ante.*

Questions of interest upon the amounts decreed to the complainant now came before the court.

By the decretal order, it was adjudged and declared, that the equal share to which the complainant Augusta E. Lawrence was entitled of the estate of her father Augustine H. Lawrence deceased, by virtue of the codicil to his will, was equal in value to the property given by the said will to his daughter Catharine Luqueer Lawrence. It was also ordered, adjudged and decreed, that the executors and trustees under the said will should set apart out of the funds or assets in their hands, the sum of four thousand dollars and securely invest the same, the interest thereof and the principal sum to be paid to the said complainant in like manner in all respects as was directed in and by the said will concerning the like sum therein devised to his said daughter Catharine Luqueer Lawrence, the said interest to be calculated and paid from the time that was fixed in and by the said will for the payment of interest on the said sum to the said Catharine. And that there also should be set aside and appropriated for the said complainant, out of the said funds or assets, the further sum of thirteen thou-

*February,*
1833.

*Legacy.
Interest.*

sand dollars (being the value affixed by the said testator upon the house and lot devised by him in and by the said will to his said daughter Catharine) ; and that the estate and interest of the said complainant in and to the said sum of thirteen thousand dollars was and should be the same as that of the said Catharine Luqueer Lawrence in and to the aforesaid house and lot, and be subject to the like limitations, conditions and trusts as were declared in the said will in respect to the houses and lots therein devised to his daughters respectively ; and that during the joint lives of the said complainant and of her mother, the widow of the testator, the said complainant was entitled to and should receive two thirds only of the interest or income of the said sum of thirteen thousand dollars, to be calculated and paid from the time when the said Catharine Luqueer Lawrence became entitled to the income and enjoyment of the aforesaid house and lot ; and after the decease of the said widow, then that the said complainant, if living, should be entitled to and should receive the whole of the said interest and income.   And it was further decreed, that after the above specific appropriations, the said complainant was entitled to and should come in for one equal sixth part with the other children of the said testator of the residuary estate ; and that her said share in the residuary estate was to be held and enjoyed by the said complainant upon the same terms and subject to the same trusts and limitations as was provided and directed in and by the said will concerning the residuary estate devised to or for his other daughters respectively.

*February*, 11.        The Vice-Chancellor.   The question, as regards the period from whence interest is to be computed upon the four thousand dollars, is, in terms, settled by the decretal order. If we follow the direction in the will respecting the legacy to Catharine L. Lawrence and add interest upon her share from the decease of the testator up to the day of her marriage and consider also that it was intended to place the complainant upon a precisely similar footing, then I think the order is right in allowing her interest from the same period of time.   The

will is explicit on the point, and although the period thus fixed upon was anterior to the birth of the complainant, I see no objection, on that account, to her taking the full benefit of the gift as if she had then been born.

An express direction of the testator was necessary to accomplish this : for, otherwise, she could only have had interest from the time of her birth : *Rawlins* v. *Rawlins*, 2 *Cox*, 424.

And this case of *Rawlins* v. *Rawlins* could not have been intended to establish as a rule, that the time of the birth is to be adopted for the computation of interest, where there is an express recognition of some other period. In *Harris* v. *Lloyd*, 1 *Turn. & R.* 310, the general rule is stated to be, that where the interest which would arise during the interval of the testator's death and the coming into existence of the person who is to take, is not expressly disposed of by the will, there it falls into the residue. And the converse must be true, that if the interest during such interval is expressly disposed of, it will not fall into the residue, but belong to whomsoever it is given.

A child *en ventre sa mere* is capable of taking both real and personal estate, either by descent, bequest or devise ; and in the present instance, I have decided that the complainant is entitled to a legacy of four thousand dollars as a marriage portion, to be paid to her on the day of her marriage, while, in the mean time, she is to have the interest of this sum in the same manner as it is given to Catharine—and which is, from the decease of the testator. The decretal order is, consequently, correctly drawn in this particular.

I am not so certain, however, of the complainant's being entitled to interest from the same period upon the thirteen thousand dollars which she is to have in lieu of a dwelling house.

If a dwelling house had been devised to her for her natural life, as is the case with the other daughters, it appears to me she would have been entitled to the rents or income only from the time of her birth. A posthumous child taking lands by descent is not entitled to the rents and profits intermediate. the death of the ancestor and the birth of the child. It is only by deed of settlement or some express provision in a will or other

1833.

LAWRENCE
*v.*
LAWRENCE.

2 *Williams on executors*, 916.

instrument, securing or declaring the mesne profits to belong to a posthumous child, that such child becomes entitled to them *during the interval.* The law on this subject, as gained from acknowledged principles and adjudged cases, is summarily stated by Mr. Hargrave in his notes to *Coke upon Litt.* 11, *b.* and 55. *b.* Since it is not clear that the complainant would have been entitled to the rents of a dwelling house from the death of the testator, had one been devised to her in the manner in which they are given to the other daughters, I am of opinion the interest to be allowed her on the thirteen thousand dollars must be computed only from the time of her birth.

(The court then went on to scrutinize a claim made by the son of the testator for commissions.)

All the costs of the present suit were ordered to be paid out of the *general residue of the estate.*